# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-470V**

| | |
|---|---|
| ROOSEVELT POORE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 10, 2026 |

*Kirk Tripp Otto, Siri & Glimstad LLP, Richmond, VA, for Petitioner.*

*James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 11, 2021, Roosevelt Poore filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine administered on October 10, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 30, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On July 9, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $162,703.15 (consisting of $115,000.00 for pain and suffering, $47,199.23 for lost wages, and $503.92 for past unreimbursable expenses). Proffer at 2. In the Proffer, Respondent represented that

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $162,703.15 (consisting of $115,000.00 for pain and suffering, $47,199.23 for lost wages, and $503.92 for past unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| ROOSEVELT POORE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | ) | No. 21-470V<br>Chief Special Master Brian H. Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**[1]

On January 11, 2021, Roosevelt Poore ("petitioner") filed a petition seeking compensation under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. § 300aa-1 *et seq.*, for an injury he allegedly sustained following a seasonal influenza ("flu") vaccination administered on October 10, 2020. Petition at 1. Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), which is an injury listed on the Vaccine Injury Table for the flu vaccine (a "Table injury"). *Id.* On September 30, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[2] ECF No. 56.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's September 30, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the Damages Decision.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded a lump sum of $115,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Lost Wages

Respondent further proffers that petitioner should be awarded $47,199.23 in lost wages. *See* 42. U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

### C. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $503.92. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's Decision and the Court's Judgment award the following:[3] a lump sum payment of **$162,703.15** to

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Roosevelt Poore.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*/s/ J. Connor Daughton*
J. CONNOR DAUGHTON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 305-3907
Email: james.c.daughton@usdoj.gov

DATED: July 9, 2026

**CERTIFICATE OF SERVICE**

I certify that today, July 9, 2026, a copy of the foregoing filing was or will be served by electronic mail to petitioner's counsel, Kirk "Tripp" Otto, at kotto@sirillp.com.

*s/ J. Connor Daughton*
J. Connor Daughton

DATED: July 9, 2026