# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-470V**

| | |
|---|---|
| ROOSEVELT POORE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 2, 2026 |

*Kirk Tripp Otto, Siri & Glimstad, LLP, Richmond, VA, for Petitioner.*

*James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Roosevelt Poore filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine he received on October 10, 2020. Petition at 1. On October 30, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation, following briefing by the parties. ECF No. 56. On July 10, 2026, I issued a decision awarding damages to Petitioner based on the Respondent's proffer. ECF No. 73.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner previously filed a motion for an interim award of attorney's fees and costs, requesting $41,613.45 (representing $40,498.00 in fees plus $1,115.45 in costs). The interim fees motion was jointly filed by Petitioner's counsel's former law firm, Rawls Law Group, and the current firm, Siri & Glimstad, LLP. Petitioner's Motion for Interim Attorneys' Fees and Costs, filed February 19, 2026, ECF No. 65. Petitioner later filed a final fee motion, requesting an additional award of $10,523.50 ($10,522.70 in fees for Siri & Glimstad plus $0.80 in costs). Petitioner's Final Motion for Attorneys' Fees and Costs, filed July 24, 2026, ECF No. 77. Furthermore, Petitioner has filed signed statements representing that no personal out-of-pocket expenses were incurred. ECF Nos. 65-4 and 77-3.

Respondent reacted to both fees motions in a single response, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. However, Respondent asks for some evaluation of whether the fees requested are excessive in some regards (such as the work related to Petitioner's entitlement briefing). Response (ECF No. 78). On August 13, 2026, Petitioner filed a reply addressing Respondent's comments, and requesting that the amount of fees and costs requested collectively by the two motions be awarded. ECF No. 79.

## ANALYSIS

Because Petitioner prevailed in this matter, he is entitled to an award of reasonable fees. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be awarded herein. However, one of the rates for 2026 requires adjustment.

Attorney Kirk Otto was previously awarded $450.00 per hour for work performed in 2026. *See Hughes v. Sec'y of Health & Hum. Servs*., No. 22-1917V, 2026 WL 2111394. (Fed. Cl. June 23, 2026). But Petitioner requests a higher sum for that period in this case. I find no reason to deviate from the previous rate determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. *See Jefferson v. Sec'y of Health & Hum. Servs*., No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce the 2026 rate for Mr. Otto to be consistent with *Hughes*. **This reduces the amount of attorney fees to be awarded by $<u>40.50</u>**.[3]

[3] This amount is calculated by reducing Mr. Otto's 2026 rate from $495.00 to $450.00 and is calculated as follows: ($495.00 - $450.00 = $45.00 x .9 hrs.) = $40.50.

In addition, the total amount of time devoted to briefing on entitlement was excessive – although not egregiously so. *See* Petitioner's Motion for a Ruling on the Record, filed Dec. 15, 2023, ECF No. 49; Petitioner's Reply to Respondent's Response to Petitioner's Motion for a Ruling on the Record, filed Sept. 17, 2024, ECF No. 54. Petitioner's counsel expended approximately 29.0 hours drafting the entitlement brief, 6.8 hours drafting the responsive brief, totaling 35.8[4] hours. ECF No. 65-2 at 13-16.

It is somewhat unreasonable for counsel to spend so much time briefing the issue of entitlement in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[5] in which attorneys have accomplished this task in about half the time.[6] *See*, e.g., *Fletcher v. Sec'y of Health & Hum. Servs*., No. 20-0127V (Apr. 25, 2024) (12.7 and 9.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Lamine v. Sec'y of Health & Hum. Servs*., No. 20-1560V (Mar. 27, 2024) (8.9 and 7.2 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Davenport v. Sec'y of Health & Hum. Servs*., No. 20-0206V (Mar. 25, 2024) (16.5 and 2.6 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Graczyk v. Sec'y of Health & Hum. Servs*., No. 21-0376V (Feb. 9, 2024) (5.8 and 8.3 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Sisneros v. Sec'y of Health & Hum. Servs*., No. 20-2070V (Feb. 8, 2024) (0.8 and 10.5 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Strand v. Sec'y of Health & Hum. Servs*., No. 20-0365V (Feb. 5, 2024) (7.9 and 7.2 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Griswold v. Sec'y of Health & Hum. Servs*., No. 19-1674V (May 30, 2024) (5.0 and 2.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *McCallum v. Sec'y of Health & Hum. Servs*., No. 19-1991V (May 19, 2023) (8 hours billed for drafting an entitlement brief); *Weso v. Sec'y of Health & Hum. Servs*., No. 19-0596V (May 16, 2024) (6.0 and 1.1 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively).

---

[4] This total is calculated as follows: 24.5 hours billed on 11/21/2023, 12/5/2023, 12/6/2023, 12/7/2023, 12/8/2023, 12/10/2023, 12/11/2023, 12/12/2023, 12/13/2023, 12/14/2023, and 12/15/2023 at a rate of $354.00 by attorney Kirk Otto, and 5.5 hours billed on 8/28/2024, 8/30/2024, 9/10/2024, and 9/16/2024 at a rate of $376.00 by attorney Kirk Otto, and 4.5 hours billed on 11/22/2023, 12/13/2023, 12/14/2023, and 12/15/2023 at a rate of $413.00 by attorney Glen Sturtevant, and 1.3 hours billed on 8/28/2024 and 9/17/2024 at a rate of $438.00 by attorney Glen Sturtevant. ECF No. 65-2 at 13-16.

[5] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs*., 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[6] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc

Of course, having prevailed in this case, a fees award is generally appropriate (ECF No. 73). But the Act permits only an award of a reasonable amount of attorney's fees. Accordingly, I will reduce the sum to be awarded for this specific category - entitlement briefing (a total of 35.8 hours, or $13,168.90) - by *twenty* percent.[7] Such a reduction (which I am empowered to adopt)[8] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shade accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This further reduces the amount of attorney fees to be awarded by $2,633.78.**[9]

Petitioner has provided supporting documentation for all claimed costs. ECF Nos. 65-2 at 20-40 and 77-2 at 12. I find the requested costs reasonable as well as the amounts at issue, and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's motions for attorney's fees and costs. I award a total of **$49,462.67 (representing $48,346.42 in fees plus $1,116.25 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[7] Because the amount of excessive hours was not as egregious as in other cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See*, e.g., *Havis v. Sec'y of Health & Hum. Servs*., No. 21-0583V, 2025 WL 2538903 (Fed. Cl. Spec. Mstr. July 31, 2025) (applying a 30 percent reduction).

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See*, e.g., *Abbott v. Sec'y of Health & Hum. Servs*., 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs*, 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs*., 86 Fed. Cl. 201, 214 (2009).

[9] This amount is calculated as follows: $13,168.90 x .20 = $2,633.78.

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.